WO                                                                                                    MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Gerald Vaughn Gwen,                              No.  CV 21-02211-PHX-JAT (JFM)

                Plaintiff,

v.                                                                **ORDER**

Yavapai County Jail Medical Providers,
et al.,

                Defendants.

       Plaintiff Gerald Vaughn Gwen, who is confined in CoreCivic's Red Rock Correctional Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).  After the Court gave him an opportunity to either file an Application to Proceed In Forma Pauperis or pay the filing and administrative fees, he filed an Application to Proceed In Forma Pauperis (Doc. 4).  The Court will grant the Application to Proceed and will dismiss the Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

       The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $33.14.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.

JDDL-K

1   28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate

2   government agency to collect and forward the fees according to the statutory formula.

3   **II.     Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or an officer or an employee of a governmental entity.  28

6   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

7   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

8   relief may be granted, or that seek monetary relief from a defendant who is immune from

9   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

10        A pleading must contain a "short and plain statement of the claim *showing* that the

11   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

12   not demand detailed factual allegations, "it demands more than an unadorned, the-

13   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

14   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Id.*

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

18   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

19   that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

21   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

22   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

23   allegations may be consistent with a constitutional claim, a court must assess whether there

24   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

25        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

26   must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

27   (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

28

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.    Complaint**

In his one-count Complaint, Plaintiff seeks declaratory relief and monetary damages from Defendants Yavapai County Jail, Yavapai County Jail Medical Providers, Health Services Administrator Becky P., and Doctor Leon Caholico.

Plaintiff raises a claim under the Eighth and Fourteenth Amendments regarding his medical care.  He alleges that for over 2.5 years, Defendants showed deliberate indifference to his serious medical needs by refusing to provide medical care, medical treatment, or access to medical services.  Plaintiff contends Defendants had "actual knowledge of a subjectively serious medical condition that had been identified by a medical practitioner's radiology report"; failed to act, "even in the face of several medical requests and grievances to provide medical care"; and "understood that what they were doing violated Plaintiff's constitutional rights."  He also asserts that the Yavapai County Sheriff's deputies who "directly participated in the grievance process," were acting "pursuant to a policy, custom or practice [that] deprived Plaintiff of medical care."

Plaintiff claims Defendants exposed him to COVID-19 and other contagious diseases when (1) Defendants housed him with an inmate who tested positive for tuberculosis; (2) Plaintiff was housed in a small space for an indeterminate time with an inmate who was suspected of having a highly contagious staphylococcus infection; and (3) Plaintiff was housed with an inmate who had only been quarantined for six days before being placed in the general population.  Plaintiff contends the quarantined inmate "may have infected" him.  Plaintiff also alleges Defendants "intentionally and knowingly passed

on the serious medical issue(s) to the Arizona Department of Corrections with a willful disregard to Plaintiff's immediate and long-term health." He contends sufficient notice was provided to Defendants of "a serious medical condition requiring medical treatment" that was "interfering with daily activities" and, therefore "the risk was obvious to Plaintiff's immediate health and delay in Plaintiff obtaining proper diagnoses or treatment."

Plaintiff asserts that on July 17, 2020, he filed a grievance regarding "d[e]bilitating health, weight loss, [and] neck, sho[u]lder and back pain." He claims he was scheduled to meet with a health services counsel, met with the counselor on July 21, and was instructed to file another request for medical care. He also alleges the counselor "would follow-up on the diet concerns," but did not, so Plaintiff filed another grievance on July 28. Plaintiff contends Defendant Becky P. responded to the grievance "without a resolution being reached," and the grievance was dismissed. Plaintiff alleges that on August 20, 2020, the July grievance was "intentionally removed or deleted, thus terminating the grievance before the process was completed."

Plaintiff contends he filed several health needs requests and grievances that "went unnoticed by the medical staff and jail operational staff." He claims he filed grievances on November 4 and 11, 2020, regarding COVID-19 symptoms and a November 25 grievance regarding neck, shoulder, and back pain. Plaintiff alleges "[t]he result of these grievance[s] was deliberate indifference when none of the grievances were properly litigated by the Defendant[]s." He claims he therefore filed a fourth grievance to the "jail command officer," but it went unanswered, and filed a "sixth" grievance on January 22, 2021.

Plaintiff alleges that between October 5 and November 20, 2020, his weight dropped more than 16 pounds. He claims the medical staff took no notice or action "when it was apparent that a serious and significant weight loss had occurred." Plaintiff asserts that on November 8, 2020, he began to experience COVID-19 symptoms. He claims that between November 8 and 18, he informed several deputies and nurses that he was unable to eat, had no taste, and was experiencing nausea, a loss of appetite, and fatigue. Plaintiff alleges that

1     after eight days of his symptoms not being addressed, he pleaded with a nurse, who
2     promised to send an email to Defendant Becky P.

3         Plaintiff contends that as a result of the nurse's efforts, he met with Defendant
4     Caholico on November 20, 2020, and "expressed [his] concerns" regarding his COVID-19
5     symptoms, diet, weight loss, and pain in his neck, back, and shoulder.  Plaintiff claims that
6     "the only action taken" was that Defendant Caholico order x-rays for Plaintiff's neck
7     injury.  Plaintiff asserts the x-rays were scheduled to be taken on November 27, but were
8     not taken until December 6.  Plaintiff claims that on January 25, 2021, a nurse delivered an
9     e-mail message from Defendant Caholico stating that Plaintiff suffered from degenerative
10    arthritis and, if Plaintiff wanted medication, he should let Defendant Caholico know.
11    Plaintiff contends no other medical care or treatments were provided for the other issues
12    Plaintiff raised.

13         Plaintiff contends he suffered psychological pain, emotional distress, physical pain,
14    a loss of sleep, and elevated blood pressure that caused headaches, dizziness, and nose
15    bleeds.

16    **IV.   Failure to State a Claim**

17         Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519,
18    520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey*
19    *v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a
20    civil rights complaint may not supply essential elements of the claim that were not initially
21    pled. *Id.*

22       **A.   Yavapai County Jail**

23         Section 1983 imposes liability on any "person" who violates an individual's federal
24    rights while acting under color of state law.  Congress intended municipalities and other
25    local government units to be included among those persons to whom § 1983 applies.
26    *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 689-90 (1978).  However, the Yavapai County
27    Jail is a building or collection of buildings, not a person or legally created entity capable
28    of being sued.  Thus, the Court will dismiss Defendant Yavapai County Jail.

1

### B.    Medical Care Claim

The Ninth Circuit Court of Appeals has held that "claims for violations of the right

to adequate medical care 'brought by pretrial detainees against individual defendants under

the Fourteenth Amendment' must be evaluated under an objective deliberate indifference

standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).  To state a medical

care claim, a pretrial detainee must show

> (i) the defendant made an intentional decision with respect to
> the conditions under which the plaintiff was confined; (ii) those
> conditions put the plaintiff at substantial risk of suffering
> serious harm; (iii) the defendant did not take reasonable
> available measures to abate that risk, even though a reasonable
> official in the circumstances would have appreciated the high
> degree of risk involved—making the consequences of the
> defendant's conduct obvious; and (iv) by not taking such
> measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125.  "With respect to the third element, the defendant's conduct must be objectively

unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each

particular case.'"  *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 576 U.S.

389, 397 (2015); *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The "'mere lack of due care by a state official' does not deprive an individual of

life, liberty, or property under the Fourteenth Amendment."  *Castro*, 833 F.3d at 1071

(quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).  A plaintiff must "prove more

than negligence but less than subjective intent—something akin to reckless disregard."  *Id.*

A mere delay in medical care, without more, is insufficient to state a claim against prison

officials for deliberate indifference.  *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766

F.2d 404, 407 (9th Cir. 1985).

Regarding Defendant Yavapai County Jail Medical Providers, Plaintiff has simply

provided the elements of a cause of action, supported by mere conclusory statements.  This

is insufficient.  *Iqbal*, 556 U.S. at 678.  Similarly insufficient are Plaintiff's vague and

conclusory allegations against groups of Defendants, without any factual specificity as to

what any particular Defendant did or failed to do.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").  Thus, the Court will dismiss without prejudice Plaintiff's claims against Defendant Yavapai County Jail Medical Providers.

Plaintiff's only specific allegation regarding Defendant Becky P. is that she responded to a grievance "without a resolution being reached."  Plaintiff does not identify the contents of his grievance, what Defendant Becky P. stated in her response, or anything to suggest that her response placed him at a substantial risk of suffering serious harm.  Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Becky P.  Thus, the Court will dismiss without prejudice Defendant Becky P.

Plaintiff's only specific allegation regarding Defendant Caholico is that although Plaintiff expressed concerns about COVID-19 symptoms, diet, weight loss, and pain in his neck, back, and shoulder, Defendant Caholico only ordered x-rays for Plaintiff's neck injury and did not provide any other medical care or treatment.  However, Plaintiff does not identify what he told Defendant Caholico when he expressed his concerns; what, if anything, Defendant Caholico told Plaintiff about the COVID-19, diet, and weight loss issues; and how Defendant Caholico's response placed Plaintiff at substantial risk of suffering serious harm.  Absent more, Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Caholico, and, therefore, the Court will dismiss without prejudice Defendant Caholico.

. . . .

**V.      Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of**

**Defendants has violated a constitutional right are not acceptable and will be dismissed**.

**VI.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.   Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $33.14.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 16th day of February, 2022.

James A. Teilborg
Senior United States District Judge

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

Phoenix & Prescott Divisions:  **OR**  Tucson Division:
U.S. District Court Clerk       U.S. District Court Clerk
U.S. Courthouse, Suite 130      U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10  405 West Congress Street
Phoenix, Arizona   85003-2119    Tucson, Arizona   85701-5010

7. <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
  A certificate of service should be in the following form:

    I hereby certify that a copy of the foregoing document was mailed
    this _____ (month, day, year) to:
    Name: _____
    Address:_____
        Attorney for Defendant(s)

    _____
    (Signature)

9. <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 12/1/20                                   1

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____ .   The first Defendant is employed as: _____ at _____ .
(Position and Title)                                            (Institution)

2.   Name of second Defendant: _____ .   The second Defendant is employed as: as: _____ at _____ .
(Position and Title)                                            (Institution)

3.   Name of third Defendant: _____ .   The third Defendant is employed as: _____ at _____ .
(Position and Title)                                            (Institution)

4.   Name of fourth Defendant: _____ .   The fourth Defendant is employed as: _____ at _____ .
(Position and Title)                                            (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____ .   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____ .

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____ .

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____ .
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____ .

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
     a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes        ☐ No
     b.    Did you submit a request for administrative relief on Count I?              ☐ Yes        ☐ No
     c.    Did you appeal your request for relief on Count I to the highest level?       ☐ Yes        ☐ No
     d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
           _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court            ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion           ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?     ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____

_____.

2.    **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities            ☐ Mail                ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings     ☐ Property            ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                                              ☐ Yes      ☐ No
    b.    Did you submit a request for administrative relief on Count III?                             ☐ Yes      ☐ No
    c.    Did you appeal your request for relief on Count III to the highest level?                    ☐ Yes      ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                              DATE                                                     SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.