**WO**                                                                 MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen, | No.   CV 21-02211-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Yavapai County Jail Medical Providers, et al., | |
| Defendants. | |

Plaintiff Gerald Vaughn Gwen is confined in CoreCivic's Red Rock Correctional Center, is representing himself, and has been granted permission to proceed in forma pauperis.  Previously, the Court dismissed Plaintiff's civil rights Complaint because he had failed to state a claim and gave Plaintiff an opportunity to file an amended complaint that cured the deficiencies the Court identified.  On March 18, 2022, Plaintiff filed a First Amended Complaint (Doc. 8).  The Court will dismiss the First Amended Complaint with leave to amend.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.      First Amended Complaint

In his two-count First Amended Complaint, Plaintiff seeks monetary damages and declaratory relief from Defendants Yavapai County Jail Medical Providers, Heath Services Administrator Becky P., Dr. Leon Caholico, and Captain Newnun.

In **Count One**, Plaintiff raises a claim under the Eighth Amendment regarding his medical care.  He alleges he met with a medical counselor on July 21, 2020.  (Doc. 8 at 3.) Plaintiff claims he informed the counselor that he had neck, back, and shoulder pain, was unable to sleep because of the pain, was unable to perform everyday activities without significant pain, was afraid he would have a permanent disability if his injury was not treated, and had concerns about significant weight loss.  (*Id.* at 3-4.)  He also told the medical counselor that he had not been seen by a doctor despite submitting several medical needs requests and grievances.  (*Id.* at 4.)

Plaintiff asserts he filed additional grievances because "[a] full week pas[sed] without any follow-up as promised." (*Id.*)  He claims that between July 17 and 27, 2020, he submitted grievances informing Defendant Newnun that he "had been diagnosed with a serious medical condition and was not receiving adequate medical care." (*Id.* at 5.) Plaintiff also alleges he submitted a grievance to Defendant Becky P. on July 28, 2020, explaining his medical conditions that required treatment and informing her that he was not receiving adequate medical care or treatment and had not been seen by a doctor despite having submitted several medical needs requests.  (*Id.* at 4.)

Plaintiff claims that on November 15, 2020, Defendant Yavapai County Medical Providers had still failed to address his medical conditions, despite Plaintiff "exhausting several requests and grievances." (*Id.*)  He contends he "appealed" to a non-party member of the nursing staff, who sent an electronic message to Defendant Becky P. requesting Plaintiff be seen by a physician.  (*Id.*)

Plaintiff alleges that as a result of the non-party's efforts, he saw Defendant Caholico on November 20, 2020.  (*Id.* at 4-5.)  Plaintiff claims he told Defendant Caholico that he had neck, back, and shoulder pain; had numbness and tingling in his hands and

arms; was unable to sleep due to severe pain; was unable to perform everyday activities without significant pain; was concerned about his "significant weight loss in general"; and was experiencing COVID-19-like symptoms, including headaches, shortness of breath, a dry mouth, a loss appetite, nausea, and significant weight loss because he had not eaten in eight days. (*Id.* at 5.) Plaintiff asserts he was scheduled for an x-ray of his neck on December 6, 2020. (*Id.*) He claims that on January 25, 2021, a nurse delivered a message from Defendant Caholico explaining that the x-ray showed possible degenerative arthritis of the spine and that Plaintiff should let Defendant Caholico know if he wanted pain medication. (*Id.*)

Plaintiff contends that other than the x-ray, he did not receive any medical treatment for "numerous medical conditions requiring medical treatment." (*Id.* at 5.) He alleges that Defendants, "acting pursuant to a policy, custom, or practice," were deliberately indifferent to Plaintiff's serious medical needs and refused to provide adequate medical care, treatment, or access to medical services. (*Id.* at 3.) Plaintiff asserts Defendants had "actual knowledge of a subjectively serious medical condition diagnosed by a professional physician, but failed to act on the knowledge." (*Id.*) He claims that as a result of Defendants' failure to act or exercise sound medical judgment, he suffered emotional distress, fear, psychological pain, physical injury, a loss of sleep, and high blood pressure. (*Id.*)

In **Count Two**, Plaintiff raises a claim under the Eighth and Fourteenth Amendments regarding his medical care. He alleges Defendants were deliberately indifferent to his safety when they housed him in a small, confined space with a detainee who had tested positive for tuberculosis. (*Id.* at 6.) Plaintiff also contends he was housed in a small, confined space with another detainee who was later diagnosed with staphylococcus. (*Id.*) He claims that detainee: (a) entered the facility with sores, and the medical staff was aware of the sores before the detainee was housed with others in the general population; and (b) made several visits to the infirmary, where it should have been

apparent that his condition was worsening and he may have needed to be quarantined from others.  (*Id.* at 6-7.)

In addition, Plaintiff contends Defendants were deliberately indifferent when they only quarantined another detainee for six days, rather than the ten days mandated by the Centers for Disease Control, before housing him in the general population.  (*Id*. at 7.) Plaintiff alleges the detainees in the cell adjacent to that detainee became ill and were diagnosed with COVID-19.  (*Id*.)  Subsequently, Plaintiff was housed with the individual and subsequently became ill and exhibited COVID-19-like symptoms that went untreated.  (*Id*.)

Plaintiff alleges that on November 2, 2020, the dormitory where he was housed was placed into COVID-19 protocol, during which detainees were confined to their cells for 24 hours per day.  (*Id.*)  He claims "[t]his action taken by medical providers make[s] app[]arent that they knew [that] an obvious risk to Plaintiff['s] health existed."  (*Id.*)  Plaintiff contends that between November 8 and 18, 2020, he was quarantined and confined to his cell so he was unable to submit electronic medical needs requests and, therefore, verbally informed several nurses and deputies that he was experiencing COVID-19-like symptoms, was unable to eat, and wanted to see a doctor.  (*Id.* at 7-8.)  He claims he was not seen by a doctor during this time.  (*Id.* at 8.)

Plaintiff claims Defendants were deliberately indifferent to his health and safety and failed to protect him from unreasonable threats to his health "when Plaintiff was knowingly exposed to contagious or infectious disease[s] which were obvious and known to be an immediate threat and health risk."  (*Id.* at 6.)

In a separate **Claims for Relief** section, Plaintiff raises failure to protect and medical needs claims.  (*Id.* at 11-13.) In the **failure-to-protect** portion of that section, Plaintiff alleges Defendant Caholico was deliberately indifferent because he failed to act on his "knowledge of a substantial risk of serious harm to Plaintiff" and, as a result, Plaintiff's "serious health condition(s) went untreated for a prolonged period[,] running [the] risk of long[-]term health complications or perm[a]nent disability."  (*Id.* at 11.)  Plaintiff claims

Defendants Becky P. and Newnun failed to act on their knowledge that Plaintiff "had a serious medical condition diagnosed by a professional physician" or "failed to take appropriate action to protect Plaintiff" after being informed that Plaintiff's serious medical condition had gone untreated.  (*Id.*)  Plaintiff also contends Defendants Yavapai County Medical Providers and Newnun failed to offer "adequate protection against exposure to known disease[s]" although they knew or reasonably should have known that housing individuals who had tested positive for infectious or contagious diseases "created conditions for an unreasonable threat to Plaintiff's health or safety."  (*Id.* at 11-12.)

In the **medical needs** portion of the separate Claims for Relief section, Plaintiff alleges he was subjected to deliberate indifference due to the "refusal" of his medical needs requests and grievances regarding medical treatment.  (*Id.* at 12.)  He claims Defendant Yavapai County Jail Medical Providers were deliberately indifferent when they failed to "take the necessary steps to ensure that Plaintiff rec[ei]ved the needed treatment for his injury, d[e]spite [their] knowledge of Plaintiff's serious medical needs."  (*Id.*)  Plaintiff contends when medical providers and Defendant Newnun were deliberately indifferent when they failed to offer "adequate safeguards, protections or policy" to prevent his exposure to potentially dangerous and harmful diseases.  (*Id.* at 13.)  Finally, he claims Defendants Becky P. and Newnun were deliberately indifferent when they "failed to intervene or act" or "unfairly discharge[d] their legal responsibility to supervise."  (*Id.*)

## III.   Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362,

371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because he is a pretrial detainee, Plaintiff's claims arise, if at all, under the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment prohibition against cruel and unusual punishment.  A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).  However, "a de minimis

level of imposition" is insufficient.  *Bell*, 441 U.S. at 539 n.21.  In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).  Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."  *Id.*

### A.   Defendant Yavapai County Jail Medical Providers

It is unclear whether Plaintiff is referring to Defendant Yavapai County Jail Medical Providers as a corporate entity or a collection of individuals.  Regardless, he has failed to state a claim and, therefore, the Court will dismiss without prejudice Defendant Yavapai County Jail Medical Providers.

### 1.   Defendant Yavapai County Jail Medical Providers as a Corporate Entity

To the extent Plaintiff is referring to Defendant Yavapai County Jail Medical Providers as a corporate entity, he has failed to state a claim.  To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity.  *See Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam).  A plaintiff must allege the specific policy or custom and how it violated his constitutional rights.  A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights.  *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Although Plaintiff vaguely alleges Defendants were "acting pursuant to a policy, custom, or practice," he does not allege that any of the conduct described in the Second Amended Complaint was the result of any specific policy or custom of Defendant Yavapai County Jail Medical Providers.  Thus, the Court will dismiss without prejudice Defendant Yavapai County Jail Medical Providers as a corporate entity.

### 2. Defendant Yavapai County Jail Medical Providers as a Collection of Individuals

To the extent Plaintiff is referring to Defendant Yavapai County Jail Medical Providers as a collection of individuals, he has simply made vague and conclusory allegations against a group, without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Thus, the Court will dismiss without prejudice Defendant Yavapai County Jail Medical Providers as a collection of individuals.

### B. Defendant Caholico

Plaintiff alleges that when he saw Defendant Caholico in November 2020, he told Defendant Caholico that he had neck, back, and shoulder pain, had numbness and tingling in his hands and arms, was unable to sleep due to the severe pain, was unable to perform everyday activities without significant pain, was concerned about his "significant weight loss in general," and was experiencing COVID-19-like symptoms. Plaintiff contends Defendant Caholico scheduled an x-ray of his neck and subsequently sent Plaintiff a message explaining that the x-ray showed possible degenerative arthritis and informing Plaintiff that he should let Defendant Caholico know if he wanted pain medication.

Plaintiff does not identify what, if anything, Defendant Caholico told Plaintiff about his medical issues, including his pain, numbness, tingling, inability to sleep, weight loss, and COVID-19-like symptoms. Plaintiff does not he indicate how Defendant Caholico's

actions or inaction placed Plaintiff at substantial risk of suffering serious harm and does not allege anything to suggest Defendant Caholico's conduct was anything more than negligence, which is insufficient to state a claim under the Due Process Clause regarding his medical care.  *See Castro*, 833 F.3d at 1071.  Absent more, Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Caholico.  The Court will therefore dismiss without prejudice Defendant Caholico.

### C.  Defendant Becky P.

Plaintiff alleges he submitted a July 28, 2020 grievance to Defendant Becky P., but was not seen by a medical physician until after a non-party sent an electronic message to Defendant Becky P. in November 2020.  He contends Defendant Becky P. failed to act on her knowledge that Plaintiff "had a serious medical condition diagnosed by a professional physician," failed to take appropriate action to protect Plaintiff after being informed that Plaintiff's serious medical condition had gone untreated, and failed to intervene, act, or supervise.

It is unclear what "serious medical condition" had been diagnosed by a physician in July 2020.  Based on Plaintiff's allegations, it appears he had not been diagnosed with any medical condition in July 2020 and, instead, was complaining to Defendant Becky P. about not being seen by a medical provider regarding his symptoms of weight loss and neck, back, and shoulder pain.

Plaintiff appears to be claiming Defendant Becky P. did not refer him to a physician after Plaintiff filed his grievance.  But Plaintiff does not indicate whether Defendant Becky P. received his grievance; whether she responded to his grievance; what she stated in her response, if she responded; and how her response placed him at a substantial risk of suffering serious harm.  At best, Plaintiff's allegations appear to suggest Defendant Becky P. was negligent.

To the extent Plaintiff is raising a failure-to-supervise claim against Defendant Becky P., he has failed to state a claim.  To state a claim based on a failure to train or supervise, a plaintiff must allege facts to support that the alleged failure amounted to

deliberate indifference.  *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998).  A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant.  *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))).  A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).  Plaintiff has failed to make any allegations regarding the supervision Defendant Becky P. actually provided, how that supervision was inadequate, or how those inadequacies led to Plaintiff's injuries.

Because Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Becky P., the Court will dismiss without prejudice Defendant Becky P.

### D.    Defendant Newnun

Plaintiff's alleges he informed Defendant Newnun through grievances filed between July 17 and 27, 2020, that he "had been diagnosed with a serious medical condition and was not receiving adequate medical care."  Plaintiff alleges Defendant Newnun failed to act on knowledge that Plaintiff "had a serious medical condition diagnosed by a professional physician," failed to take appropriate action to protect Plaintiff after being informed that Plaintiff's serious medical condition had gone untreated, and failed to act, intervene, or supervise.  He also alleges Defendant Newnun failed to "offer adequate protection" against exposure to dangerous diseases and infections.

Regarding Plaintiff's exposure to diseases and infections, Plaintiff's allegations do not support a conclusion that Defendant Newnun made an intentional decision to house Plaintiff with detainees who had tuberculosis or staphylococcus or who had only

quarantined for six days.  Indeed, Plaintiff has alleged nothing to suggest Defendant Newnun was involved in these housing decisions.  In addition, it is unclear from Plaintiff's allegations what Defendant Newnun did or failed to do that would support a conclusion that he failed to "offer adequate protection" against exposure diseases and infections." Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Newnun regarding Plaintiff's exposure to diseases and infections.

Regarding Plaintiff's medical care, Plaintiff appears to be complaining that Defendant Newnun failed to act after Plaintiff submitted grievances informing Defendant Newnun that he "had been diagnosed with a serious medical condition and was not receiving adequate medical care."  As previously noted, it is unclear what "serious medical condition" had been diagnosed by a physician in July 2020.  And, as was the case with Defendant Becky P., Plaintiff does not indicate whether Defendant Newnun received his grievances; whether he responded to them; what he stated in his responses, if he responded; and how his responses placed Plaintiff at a substantial risk of suffering serious harm. Absent more, Plaintiff's allegations are insufficient to state a medical care claim against Defendant Newnun.

Moreover, although under Ninth Circuit law, a defendant can be liable for failure to act, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), whether a defendant's denial of administrative grievances is sufficient to state a claim generally depends on several facts, including whether the alleged constitutional violation was ongoing, *see e.g.*, *Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010), and whether the defendant who responded to the grievance had authority to take action to remedy the alleged violation, *see Bonner v. Outlaw*, 552 F.3d 673, 679 (8th Cir. 2009).  Plaintiff alleges nothing to suggest Defendant Newnun had any authority to act regarding a denial of medical care.  Indeed, under Arizona law, health care for inmates in the County Jails is the responsibility of the County, not the Sheriff or one of the Sheriff's captains.  *See* Ariz. Rev. Stat. § 11-291(A); *Rogers v. Maricopa County Sheriff's Office,* 2008 WL 898721, at *2 (D. Ariz. Mar. 31, 2008) ("Although Arizona places responsibility for operating county jails by law upon the county

sheriff, the county is responsible for the provision of medical care to inmates.").  Plaintiff's allegations are insufficient to state a failure-to-act claim against Defendant Newnun.

Finally, as was the case with Defendant Becky P., Plaintiff has failed to make any allegations regarding the supervision Defendant Newnun actually provided, how that supervision was inadequate, or how those inadequacies led to Plaintiff's injuries.  Thus, Plaintiff has failed to state a failure-to-supervise claim against Defendant Newnun.

Because Plaintiff's vague and conclusory allegations are insufficient to state a claim against Defendant Newnun, the Court will dismiss without prejudice Defendant Newnun.

## IV.   Leave to Amend

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a  second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

In addition, if Plaintiff files an amended complaint, **he must include his "claims for relief" in the relevant counts, not in a separate section**.

**V.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

. . . .

### C.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

. . . .

. . . .

. . . .

. . . .

JDDL-K

(3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 4th day of April, 2022.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:　　**OR**　　<u>Tucson Division</u>:
U.S. District Court Clerk　　　　　　　　U.S. District Court Clerk
U.S. Courthouse, Suite 130　　　　　　　U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10　　405 West Congress Street
Phoenix, Arizona   85003-2119　　　　　Tucson, Arizona   85701-5010

7.　<u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.　<u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
　　　A certificate of service should be in the following form:

　　　I hereby certify that a copy of the foregoing document was mailed
　　　this _____ (month, day, year) to:
　　　Name:   _____
　　　Address:_____
　　　　　　　Attorney for Defendant(s)

　　　_____
　　　(Signature)

9.　<u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.　<u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.　<u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                        Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
              (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed
as: _____ at_____.
                           (Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
                           (Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed
as: _____ at_____.
                           (Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed
as: _____ at_____.
                           (Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

     a.   First prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number:  _____.
          3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
               _____.

     b.   Second prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number:  _____.
          3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
               _____.

     c.   Third prior lawsuit:
          1.   Parties: _____ v. _____
          2.   Court and case number:  _____.
          3.   Result:  (Was the case dismissed?   Was it appealed?   Is it still pending?)_____
               _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

### D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                     ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?                 ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities         ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings  ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not.   _____
        _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities           ☐ Mail               ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property           ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                           ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count III?              ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?     ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
        _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                                  DATE                                                    SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.