MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>Plaintiff,<br><br>v.<br><br>Yavapai County Jail Medical Providers, et al.,<br><br>Defendants. | No.   CV 21-02211-PHX-JAT (JFM)<br><br>**ORDER** |

Pro se Plaintiff Gerald Vaughn Gwen is confined in CoreCivic's Red Rock Correctional Center and is proceeding in forma pauperis. In a July 27, 2022 Order, the Court screened Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a); ordered Defendant Becky P. to answer the portion of Count One regarding her July 2020 response to Plaintiff's July 2020 grievance and her related failure to provide medical care; ordered Defendant Caholico to answer the portion of Count One regarding his November 2020 response to Plaintiff's medical concerns regarding his weight and coronavirus-like symptoms; and dismissed the remaining claims and Defendants without prejudice.

On August 5, 2022, Plaintiff filed a Motion for Reconsideration/With Permission to Appeal (Doc. 17). As explained in more detail below, the Court will deny the Motion.

**I.    The July 27, 2022 Screening Order**

In the July 27, 2022 Order, the Court screened Plaintiff's two-count Second Amended Complaint, which raised a medical care claim (Count One) and a failure-to-

protect claim (Count Two) against Defendants Yavapai County Jail Medical Providers, Dr. Leon Caholico, Health Services Administrator Becky P., and Jail Commander Captain Newnun. In the Order, the Court concluded Plaintiff stated a claim against Defendant Becky P. regarding her response to Plaintiff's July 2020 grievance, in which he asserted that he was not receiving medical care regarding his complaints of weight loss, a neck injury, and an inability to sleep due to severe pain in his neck, shoulder, and back. The Court also concluded Plaintiff stated a claim against Defendant Caholico regarding his response to Plaintiff's medical concerns regarding his weight and coronavirus-like symptoms. The Court dismissed without prejudice:

(1) Plaintiff's claim against Defendant Becky P. regarding his November 2020 complaints about coronavirus-like symptoms. Specifically, the Court stated:

> As to Plaintiff's November 2020 complaints regarding coronavirus-like symptoms, Plaintiff asserts that he was scheduled to see a doctor after a nurse sent an email to Defendant Becky P. explaining that Plaintiff was not receiving responses to his requests for medical care. Nothing about Defendant Becky P.'s conduct rises to the level of a constitutional violation.

(2) Plaintiff's claim regarding Defendant Caholico's alleged failure to act after becoming aware that Plaintiff had a degenerative ailment to his spine. The Court noted that (a) Defendant Caholico had told Plaintiff to let him know if Plaintiff wanted pain medication and (b) Plaintiff had not alleged there was some other treatment for his ailment or that Defendant Caholico's response placed Plaintiff at substantial risk of suffering serious harm.

(3) Plaintiff's vague and conclusory allegation that Defendant Caholico failed to act "when he knew that there existed an active outbreak of the coronavirus" in the unit where Plaintiff was housed.

(4) Plaintiff's claim against Defendant Yavapai County Medical Providers because Plaintiff had simply made insufficient vague and conclusory allegations against a group of Defendants,

|     |     |     |
| --- | --- | --- |
| (5) | | Plaintiff's claim regarding the six consecutive grievances he filed on January 22, 2021, because Plaintiff had simply made insufficient vague and conclusory allegations against a group of Defendants, without any factual specificity as to what any particular Defendant did or failed to do. |

         without any factual specificity as to what any particular Defendant did or failed to do.

    (5)    Plaintiff's claim regarding the six consecutive grievances he filed on January 22, 2021, because Plaintiff had simply made insufficient vague and conclusory allegations against a group of Defendants, without any factual specificity as to what any particular Defendant did or failed to do.

    (6)    Plaintiff's failure-to-protect claim because Plaintiff (a) made conclusory allegations against a group of individuals without factual specificity as to what any particular Defendant did or failed to do; (b) did not allege he suffered any injury from being housed with an inmate with tuberculosis or an inmate with an open wound; and (c) did not identify when he was housed with the inmate who had only quarantined for six days, thereby making it was unclear whether this time period corresponded with Plaintiff's coronavirus-like symptoms in November 2020.

    (7)    Plaintiff's policy, practice, or custom claim. The Court noted Plaintiff had alleged that Defendants Caholico, Becky P., and Newnun were acting "pursuant to a policy, custom or practice" and that Defendants "have a policy of restricting, if not outright denying" medical care, medical treatment, or access to medical services, "when such care is too expensive or carries a burden to provide." The Court noted that Plaintiff had alleged nothing to suggest he was denied care because it was too expensive or because it "carries a burden to provide."

## II. Plaintiff's Motion

Plaintiff requests the Court reconsider its dismissal of Plaintiff's claims, asserting the Court's decision was "unreasonable and not tenable in a system bound to accord individuals 'fundamental fairness.'" He claims the Court "reclassified the claims" and "ordered the Defendants to answer a singular fact presented in support of the claim . . . without opportunity to adjud[i]cate the claim on the merit[s], thus affecting Plaintiff's right to [a] jury trial." Plaintiff contends presenting the case to a jury would be "impractical," questioning how the case would be presented to a jury and asking whether the Court would "make a distinction between facts that clearly show a violation of constitutional rights" and

"facts relevant only to the questions the Court has ordered the Defendants to answer" or whether the Court would "instruct and limit the type of questions allowed at trial."

Plaintiff contends the Federal Rules of Civil Procedure do not require "every item of relevant evidence . . . be catalogued in the Complaint" because "many of the relevant facts may not surface" until after discovery has been completed. He appears to allege that it is "not tenable" to require a complaint to contain sufficient facts before allowing discovery.

Plaintiff claims the Court failed to "sort out simple instances of right and wrong and give redress to the later." He alleges the Court should have engaged in a "straight forward inquiry to determine whether the Plaintiff could prevail on any set of facts," but, instead, engaged in an "unfair modification of the screening process" or "unfairly" picked and chose from "a set of facts offered in good faith."

Plaintiff asserts the Court should be "persuaded by logic and common sense" that Defendant Yavapai Medical Providers was an "entity" and would have had an official policy that "most likely le[]d to the alleged constitutional violation." He claims Court did not consider that Plaintiff "would [not] necessarily have knowledge of or access to" a policy or custom, although "it is very plausible that information is discoverable."

Plaintiff contends Defendant Newnun's liability "arises out of his authority, capacity or his actual participation in denying medical care." Plaintiff claims it was wrong for the Court to determine that "a group of people are not liable"; he alleges an entity is "made up of a group of people and "the Supreme Court determine[d] a group, entity and individual are the same pursuant to its decision in [*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)], were all acting pursuant to a policy-custom-practice or directions." He also claims Defendant Yavapai County Medical Providers and Defendant Newnun were deliberately indifferent when they failed to act or protect him.

In addition, Plaintiff contends the July 27 Order "foreclosed rights and privilege[s] secured by . . . § 1983 and encroached his constitutional right of a fair process." He asserts he is being deprived of the "right to fact-development procedures that generally follow a

sequences of proceedings." Plaintiff alleges dismissing portions of the claims, in effect, is "rendering a final judg[]ment that w[ill] create an actual prejudice if a jury has to consider whether the total conduct of [a] Defendant met the legal standard of deliberate indifference" or a failure to protect. He asserts it is not a "practical application of law" to decide that one Defendant should have to answer for denying medical care, while another Defendant "goes free for the same act within the same transaction"; or that one Defendant should have to answer regarding why he ignored Plaintiff's serious medical condition, but "an entity [is not] liable for the same act within the same transaction"; or that one Defendant may be liable for a failure to protect, while another is not.

Alternatively, Plaintiff requests that if the Court denies the Motion for Reconsideration, the Court permit him to appeal so the Ninth Circuit Court of Appeals can determine whether (1) Defendant Yavapai County Medical Providers is liable under *Monell*; (2) Defendant Newnun is liable for denying medical care or failing to act; (3) Plaintiff suffered prejudice "by reclassification of his claim that diminished the requisite constitutional analysis for which relief may be granted"; (4) and the issues he has presented implicate "fundamental fairness."

**III.     The Court Will Deny the Request for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.,*

*Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the Second Amended Complaint, the July 27 Order, and Plaintiff's Motion for Reconsideration. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion for Reconsideration.

## IV.   The Court Will Deny Plaintiff's Request For Permission to Appeal

A final judgment ordinarily is not entered until all of the claims have been resolved. However, when an action involves multiple claims or multiple parties, the Court can enter a final judgment "as to one or more, but fewer than all, claim or parties," if the Court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When considering a request to enter final judgment under Federal Rule 54(b), the Court must first determine whether the order is a "final judgment," and, if so, "whether there is any just reason for delay." *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). A "final judgment" is a "'judgment' in the sense that it is a decision upon a cognizable claim for relief" and is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtis-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

The July 27 Order dismissed various claims and Defendants without prejudice. *See Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999) ("Although there are exceptions to the rule, dismissals with prejudice generally constitute final orders, while dismissals without prejudice generally do not."). The Court did not render an ultimate disposition on the dismissed claims or Defendants and did not foreclose the possibility that defects regarding those claims and Defendants could be cured by further amendment.

Plaintiff may seek to leave to amend his Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure if he (1) believes he currently can allege sufficient facts to state a claim or (2) through discovery or otherwise, subsequently discovers sufficient facts to support a claim. Thus, the Court will deny Plaintiff's request for permission to appeal.

**IT IS ORDERED:**

(1) The reference to Magistrate Judge Metcalf is withdrawn only with respect to Plaintiff's Motion for Reconsideration/With Permission to Appeal (Doc. 17). All other matters in this action remain with Magistrate Judge Metcalf for disposition as appropriate.

(2) Plaintiff's Motion for Reconsideration/With Permission to Appeal (Doc. 17) is **denied**.

Dated this 23rd day of August, 2022.

James A. Teilborg
Senior United States District Judge