**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV 21-02211-PHX-JAT (JFM)<br><br>**ORDER** |

Pending before the Court are five motions submitted by Plaintiff Gerald Vaughn Gwen, four of which are labeled "Motion for Review of Magistrate's Order," (Doc. 48, Doc. 61, Doc. 64, and Doc. 71), and the last of which is labeled "Objection re: Order on Motion for Sanctions," (Doc. 86). This Court construes these motions as appeals of the Magistrate Judge's orders. The Court now rules on these appeals.

**I.   ORDER DENYING MOTION FOR CLARIFICATION**

    **a.   Background**

Plaintiff's appeal of the Magistrate Judge's decision stems from this Court's alleged failure "to adequately articulate the basis of the claim in count one" in the initial Screening Order. (Doc. 43 at 2). In his Motion for Clarification, (Doc. 43), Plaintiff argues defense counsel misconstrued the Court's Screening Order to limit his claim to a mere "grievance, rather than extending to include failure to provide medical care." (Doc. 46 at 2). Plaintiff contends defense counsel used this flawed understanding regarding the scope of the claim as a basis for objecting to discovery requests. (*See* Doc. 43 at 2). Defendants objected to discovery relating to "claims from November 2020 regarding COVID," as those claims

were plainly dismissed by this Court. (Doc. 46 at 2). Notwithstanding their objections, Defendants "provided responses to each of Plaintiff's discovery requests." (Doc. 44 at 2). Because Plaintiff was unable to demonstrate any specifics regarding "Defendants' purported misconstruction," the Magistrate Judge denied his Motion for Clarification. (Doc. 46 at 2). Plaintiff now appeals the Magistrate Judge's denial of his Motion for Clarification, claiming that it misinterpreted his request and that his constitutional rights were being violated. (*See* Doc. 48).

### b. Legal standard

Federal Rule of Civil Procedure 72 states that a district judge "must ... modify or set aside any part of [an] ... order that is clearly erroneous or is contrary to law." F.R.C.P. 72. Under Rule 72(a), for factual conclusions this Court must apply a clear error standard. *See Adams v. Symetra Life Insurance Co.*, No. CV-18-00378, 2020 WL 6469949, *1 (D. Ariz. Nov. 3, 2020). This means that after a review of all the evidence "the Court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). This is a very high standard that is only met when the factual error committed is clear and obvious. As the Ninth Circuit noted, if the Magistrate Judge's findings are "plausible in light of the record viewed in its entirety" this Court cannot reverse, "even if it is convinced it would have found differently." *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

For conclusions of law, however, the standard is de novo review. Rule 72(a) simply uses the phrase "contrary to law." *See* Fed. R. Civ. P. 72. Thus, this Court must engage in a de novo review of the underlying claim to assess whether the magistrate judge applied the incorrect law or applied the correct law inaccurately. *See Adams*, No. CV-18-00378, 2020 WL 6469949 at *1 (noting that "[a] magistrate judge's legal conclusions are contrary to law when they omit or misapply the relevant law."); *See also* 28 U.S.C. § 636 ("A judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

### c. Analysis

The Court finds that the Magistrate Judge's order contained neither clear errors of fact nor anything contrary to law.

## II. ORDER DENYING MOTION TO ISSUE SUBPOENA

### a. Background

This appeal relates to the Magistrate Judge's order denying Plaintiff's motion to issue a subpoena on a non-party to the case. (Doc. 54). Plaintiff wanted to subpoena the Yavapai County Sheriff's Office to force them to produce a wide array of information including "all of [Plaintiff's] ... medical records; the job descriptions of all medical providers; all policies regarding medical care; all records of Plaintiff's grievances; coronavirus procedures, policies, instruction and directions and CDC guidelines; from May 2017 through February 2021; and all coronavirus incidents in that time period." (*Id.* at 1). The Magistrate Judge Found that the subpoena would be unduly burdensome on the non-party and that none of this information sought was relevant to any of his remaining claims. (*See id.* at 3–4). Plaintiff contends that the Magistrate Judge abused his discretion in determining that he has an obligation to protect non-parties from unduly burdensome subpoenas. (Doc. 61 at 2). He also claims that the information he is seeking is relevant to this case. (*See id.*).

### b. Legal Standard

The legal standard to be applied under Federal Rule of Civil Procedure 72 was set forth above. This same standard applies to this appeal and all others discussed below.

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ..." Fed. R. Civ. P. 26(b). This means that documents and information are not discoverable unless they are actually relevant to the claims in the case. Additionally, there are specific protections for people subject to subpoenas. Rule 45(d) states that the person responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena." Fed. R. Civ. P. 45(d)(1). The court is required to enforce this duty. *See id.*

### c. Analysis

The Court finds that the Magistrate Judge's order denying Plaintiff's motion to issue a subpoena on the Yavapai County Sheriff's Office, which was based on the requirements of Rule 26 and Rule 45, contained neither clear errors of fact nor anything contrary to law.

## III. ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

### a. Background

On April 14, 2023, Defendants submitted a motion to compel Plaintiff's production of initial Rule 26 disclosures and responses to non-uniform interrogatories. (Doc. 49). The Magistrate judge granted the motion, giving plaintiff eleven days in which to produce the disclosures and respond to the interrogatories. (Doc. 58 at 3). Plaintiff's appeal of this order argues that because he is a prisoner who is representing himself, he was never required to make any initial disclosures. (Doc. 64 at 2). He also asserts that there is fundamental unfairness in the proceedings. (*See id.* at 3–6).

### b. Legal Standard

Ordinarily in an action brought by a prisoner proceeding pro se there would be no required initial disclosure. *See* Fed. R. Civ. P. 26(a)(1)(B) (noting that "[t]he following proceedings are exempt from initial disclosure ... an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]"). Yet this rule is flexible. The committee notes for the 2000 amendment to Rule 26 state, "even in a case excluded by subdivision (a)(1)(E)[1] ... the court can order exchange of similar information in managing the action under Rule 16." Fed. R. Civ. P. 26(a) advisory committee's note to 2000 amendment. In its scheduling order, this Court stated "[n]otwithstanding the exemptions otherwise applicable, the parties will provide initial and continuing disclosure as required by Rule 26(a) and (e)[.]" (Doc. 31 at 3).

---

[1] The Committee note discusses (a)(1)(E) and not (a)(1)(B). At the time of the 2000 amendment Rule 26(a)(1)(E) was the rule that discussed exemptions from initial disclosures. Yet sometime after 2005 that section was renumbered as (a)(1)(B).

- 4 -

### c. Analysis

Given that this Court required the parties to make initial disclosures in the scheduling order, as it had the power to do under Rule 16, the Court finds that the Magistrate Judge's order contained neither clear errors of fact nor anything contrary to law. Additionally, there is nothing in the Magistrate Judge's conduct that would suggest any bias or unfairness to Plaintiff.

## IV. ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

### a. Background

Plaintiff filed a motion to compel, seeking more complete responses to his request for the job descriptions of Defendants. (*See* Doc. 62). In this motion, Plaintiff included three short statements explaining: 1. that copies of the job descriptions were requested, 2. that Defendants provided heavily redacted job descriptions and failed to state what privilege was being asserted, and 3. that this response was deficient because it might have omitted information relevant to his claim. (*See id.* at 2–3). The Magistrate Judge denied this motion for failing to include the attachment required under Local Rule 37.1. (*See* Doc. 67).

### b. Legal Standard

Local Rule of Civil Procedure 37.1(a) requires that motions for orders to compel discovery must include, "separately from a memorandum of law, the following in separate, distinct, numbered paragraphs: (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient." L. R. Civ. P. 37.1(a). This Local Rule "applies to all *pro se* litigants, including prisoners." *Skinner v. Ryan*, No. CV-12-1729, 2014 WL 66649, *2 (D. Ariz. Jan. 8, 2014). The Rule requires that the actual requests and copies of the responses received be included, along with the explanations for each response as to why that response is deficient. *See id.*

### c. Analysis

The Court finds that the Magistrate Judge's order contained neither clear errors of

fact nor anything contrary to law because Plaintiff's motion failed to comply with the requirements of Local Rule 37.1(a).

## V. ORDER DENYING RULE 11 SANCTIONS

### a. Background

On August 17, 2023, Plaintiff moved for sanctions and to strike. (Doc. 79). The basis of the request for sanctions was a Notice to Filer of Deficiency issued by the Magistrate Judge on August 9, 2023. The notice was issued because a notice of attorney substitution was filed in ECF by an attorney using the log-in credentials of a different attorney. (*See* Doc. 76). This was in violation of Local Rule 5.5(g). (*See id.*). Plaintiff requested sanctions for the violation of Rule 11. (*See* Doc. 82 at 1). The motion for sanctions was denied because it did not meet the requirements of Rule 11(b).

### b. Legal Standard

Federal Rule of Civil Procedure 11(b) states that any time a paper is presented by an attorney or party to a court, that the person submitting the paper certifies that the filing is not being presented for an improper purpose; that the claims, defenses, and legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law; that the facts have evidentiary support; and that the denials of facts are warranted. *See* F. R. Civ. P. 11(b). Rule 11(c) allows for sanctions for violation of Rule 11(b). *See* Fed R. Civ. P. 11(c).

### c. Analysis

First, Plaintiff contends that the Magistrate Judge had no authority to rule on the sanctions motion because it was on a dispositive issue. (See Doc. 86 at 2). He cites a Seventh Circuit case for that contention. (*See id.*) (citing *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 865, 869 (7th Cir. 1996). The Ninth Circuit has held, however, that when Rule 11 sanctions are "not dispositive of a claim or defense of a party" they can be issued by a magistrate judge. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990). The sanctions here concerned an attorney's use of another person's ECF log-in credentials.

This has nothing to do with any of the claims or defenses of any of the parties. Consequently, the Magistrate Judge had the authority to rule on the sanctions motion.

The Magistrate Judge denied the sanctions motion because Plaintiff pointed to no violations of Rule 11(b) and because Plaintiff failed to provide Defendants with the required twenty-one days to correct any Rule 11 error. (*See* Doc. 82 at 1). This Court finds that the Magistrate Judge's order contained neither clear errors of fact nor anything contrary to law.

## VI. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff Gerald Vaughn Gwen's Appeal of Magistrate's Order, (Doc. 48), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Gerald Vaughn Gwen's Appeal of Magistrate's Order, (Doc. 61), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Gerald Vaughn Gwen's Appeal of Magistrate's Order, (Doc. 64), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Gerald Vaughn Gwen's Appeal of Magistrate's Order, (Doc. 71), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Gerald Vaughn Gwen's Appeal of Magistrate's Order, (Doc. 86), is **DENIED**.

Dated this 22nd day of September, 2023.

James A. Teilborg
Senior United States District Judge