**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen,<br><br>Plaintiff,<br><br>v.<br><br>Unknown Parties, et al.,<br><br>Defendants. | No. CV-21-02211-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending dismissal of Defendants without prejudice due to Plaintiff Gerald Vaughn Gwen's failure to comply with the Court's Order compelling discovery. (Doc. 91). Plaintiff filed an Objection to the Report and Recommendation of the Magistrate Judge ("Objection"), (Doc. 92), Defendants filed a Response to Plaintiff's Objection ("Response"), (Doc. 93), and Plaintiff replied, (Doc. 94). The Court now rules.

**I.   BACKGROUND**

As Plaintiff states no objection to the procedural background laid out in the R&R, the Court adopts it as set forth therein:

> Plaintiff commenced this action on December 27, 2021 by filing his original Complaint (Doc. 1). That pleading was dismissed for failure to state a claim with leave to amend (Order 2/16/22, Doc. 6), as was Plaintiff's First Amended Complaint (Doc. 8) (Order 4/5/22, Doc. 9). Plaintiff filed his Second Amended Complaint on June 13, 2022 (Doc. 15). Answers were ordered from Defendants Caholico and Becky P to Plaintiff's claims regarding failure to provide medical care, dating from July and November 2020. The remaining claims and defendants were dismissed. (Order 7/27/22,

Doc. 16.) Defendants filed their Answers (Docs. 26, 27) on November 14, 2022. A Scheduling Order (Doc. 31) was issued November 18, 2022, which, *inter alia*, required the parties to serve by December 27, 2022 initial disclosure statements under Fed. R. Civ. P. 26(a), notwithstanding the otherwise applicable exemption. The deadline for, *inter alia*, initial disclosures [was] extended to March 28, 2023. (Order 12/21/22, Doc. 36 at 2.) Other deadlines in the schedule were subsequently amended. (Order 8/9/23, Doc. 77.)

On February 16, 2023, Defendants served Plaintiff with their **discovery requests**, including a First Request for Production of Documents and First Set of Non-Uniform Interrogatories. Plaintiff's response to each set of requests was to argue that he was exempt from discovery pursuant to "Rule 26(B)(iv)," presumably a reference to Rule 26(b)(1)(B)(iv) which exempts pro se prisoner cases from the Rule 26(a) initial disclosures requirement. (*See* Motion, Doc. 83, Exh. 1 (RFP response) and Exh. 2 (interrog. Response).)

On April 14, 2023 Defendants filed a **Motion to Compel** (Doc. 49) seeking an order compelling Plaintiff to serve his Rule 26(a) initial disclosure statement and to respond to Non-Uniform Interrogatories and Requests for Production of Documents. Plaintiff responded (Doc. 55) that, as a pro se prisoner he was exempt from initial disclosures, and that Defendants are improperly seeking his "defense" or evidence he may use at trial. He argued disclosing the information would deny him due process. The Court granted the Motion to Compel, and gave Plaintiff through May 22, 2023 to "*serve on Defendants his Rule 26(a) initial disclosures and responses to the Non-Uniform Interrogatories and Requests for Production of Documents propounded on him by Defendants*." (Order 5/11/23, Doc. 58 (emphasis added)). Plaintiff filed an appeal (Doc. 64) of that Order arguing the exemption and unfairness in the proceedings. The Court denied that appeal, finding the order for initial disclosures was permissible, and no unfairness to Plaintiff. (Order 9/25/23, Doc. 89 at 5.)

Plaintiff served his **Initial Disclosure Statement** on May 22, 2023. (Motion, Doc, 83 at Exh. 3 (Init. Discl.).) Plaintiff disclosed the identity of himself and Defendants as parties with discoverable information, and listed three other individuals as anticipated witnesses. Otherwise[,] he identified no documents and referenced Defendants as already possessing the relevant information, and that he had provided a medical records release. At the same time he served **discovery responses** to the Requests for Production (*id.* at Exh. 4) All of Plaintiff's responses were effectively objections, with the exception of RFP 1 (to which Plaintiff asserted his provision of a medical record release (Doc. 83-4 at 2)[)] and Interrogatory No. 8 (to which Plaintiff raised an objection but asserted "there are at this time no computation for witnesses requiring damages at this [sic] times" (Doc. 83-5 at 4)).

In the meantime, Defendants sought an **award of expenses**, including

- 2 -

attorneys fees, of $533.00 in bringing the motion to compel. (Doc. 59.) Plaintiff did not respond, and the Court granted the motion and ordered Plaintiff to pay Defendants the $533.00 in expenses. (Order 6/16/23, Doc. 70.)

On July 14, 2023, Defendants filed a Motion to Enforce Order Granting Motion to Compel (Doc. 72). The Court construed the filing as a **(first) Motion for Sanctions**, and directed a response. Plaintiff responded (Doc. 74), raising various procedural arguments, and asserting that he had served responses to the discovery ordered (which primarily consisted of objections), and argued that he had the right to mount objections to the requests in his responses. Based on the failure to confer argued by Plaintiff, the Court denied the motion without prejudice, but clarified that Plaintiff had waived any objections to the discovery requests by failure to argue them in response to the Motion to Compel. (Order 8/9/23, Doc. 77.) Plaintiff appealed (Doc. 79) that order to District Judge Teilborg. The appeal was denied, with the Court again advising Plaintiff "Plaintiff waived his new arguments by not raising them in his response to the original Motion to Compel." (Order 10/13/23, Doc. 90 at 3.) . . .

On September 1, 2023 Defendants filed the **instant Motion for Sanctions** (Doc. 83), avowing that: defense counsel arranged for and conducted a conference call with Plaintiff on August 18, 2023; Plaintiff complained he did not have sufficient notice to gather documents to discuss the discovery disputes, but indicated he would not be supplementing his earlier responses, and that he would not withdraw his objections. (*Id.* at Exh. 6.) Defendants argue Plaintiff has proceeded in bad faith and willfully refused to comply with the Court's orders even after an award of expenses, and instruction from the Court that his objections were waived. Defendants seek sanctions "up to and including the dismissal of Plaintiff's Complaint."

(Doc. 91 at 1–4). Ultimately, the Magistrate Judge determined in the R&R (1) that Defendants "adequately conferred with Plaintiff in good faith" prior to bringing the sanctions motion; and (2) Plaintiff failed to comply with the Court's order to serve on Defendants his Rule 26(a) initial disclosures and responses to the non-uniform interrogatories and requests for production of documents and instead served largely only objections.

The Magistrate Judge explained that it was not necessary for Plaintiff to be given adequate notice to prepare for the conference with Defendants because "[t]he only issue to be resolved was whether and when Plaintiff would comply with the Court's order." (*Id.* at 5). Because Plaintiff indicated that he did not intend to comply with the Court's order

by providing substantive responses to the discovery requests, further discussions were pointless, and Defendants had made a good faith effort to meet and confer with Plaintiff. (*Id.*) The Magistrate Judge also responded to Plaintiff's assertion that he has complied with the Court's order for discovery by stating that the Court already instructed in its August 9, 2023, Order—and reaffirmed in an Order on October 13, 2023—that Plaintiff's objections are not responses to the ordered discovery and any objections have been waived because they should have been raised at the motion to compel stage of proceedings. (*Id.* at 5–6).

## II. STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge must review the findings and recommendations of the Magistrate Judge *de novo* only if there is an objection from one or both parties, not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not obligated to perform any review of any issue to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

## III. DISCUSSION

The Court will now address Plaintiff's Objection to the R&R of the Magistrate Judge.

### A. Objection 1

First, in his Objection, Plaintiff asserts that the "2003 Amendment to rule 26 Advisory Note, provides '[i]ncluding prisoner's civil rights cases such as this one, from requirement of discovery plans, disclosures, etc…' The word excreta [sic] is used to

emphasize or highlight the various discovery devices such as interrogatories . . . ." (Doc. 92 at 3).

The Court has been unable to identify the source of Plaintiff's quotation. There was no 2003 amendment to Rule 26 or any accompanying advisory note. Plaintiff appears to continue to argue that the Magistrate Judge and this Court have misinterpreted Rule 26 and the Advisory Committee Note to the 2000 Amendments to Rule 26, which states that even in a case excluded by subdivision (a)(1)(B) "the court can order exchange of similar information in managing the action under Rule 16." This Court has already rejected Plaintiff's argument. (*See* Doc. 89 at 4). Plaintiff does not reference any "well-settled federal court rules," (*see id.*), that supersede the Court's interpretation of Rule 26, and the Court has not identified any. The Magistrate Judge properly used Rule 16 to require Plaintiff to provide initial and continuing disclosure as required by rule 26(a) and (e) in the Court's Scheduling Order. (Doc. 31 at 3).

**B.     Objection 2**

Second, Plaintiff states that the "[M]agistrate [J]udge's conduct has deprived him of his right to fundamental fairness" because "twice the [M]agistrate [J]udge denied plaintiff's motion for [an] order compelling that defendants comply with plaintiff's discovery requests. . . . but failed to apply [the] same standard to defendants['] motion to compel (doc 49) which was granted without compliance with rule 37.1(a) . . . ." (Doc. 92 at 4).

The Court has reviewed the three motions to compel and the accompanying responsive orders by the Magistrate Judge referred to by Plaintiff in his Objection. Plaintiff is correct in stating that Defendants' Motion to Compel, (Doc. 49), does not fully comply with Local Rule 37.1(a). Defendants did not list the non-uniform interrogatory questions they complain Plaintiff did not comply with in distinct, numbered paragraphs as required by the rule. However, Local Rule 37.1(b) provides an exception to compliance "where there has been a complete and total failure to respond to a discovery request or set of discovery requests." Defendants did provide the response Plaintiff gave to the requested

discovery in which he is entirely unresponsive except to state that he is exempt from interrogatories and initial disclosures under Rule 26(B)(iv). (*See* Doc. 49, Exh. 2). However, Plaintiff had already been informed that he is not exempt from initial disclosures or discovery in the Court's Scheduling Order:

> **Application of Disclosure and Pretrial Management Rules**
> - Rule 26(a)(1)(B), Federal Rules of Civil Procedure exempts various proceedings, including prisoner's civil rights cases such as this one, from the requirements of discovery plans, disclosures, etc. However, as noted in the Advisory Committee Note to the 2000 Amendments to Rule 26, "[e]ven in a case excluded by subdivision (a)(1)(B) . . . the court can order exchange of similar information in managing the action under Rule 16." The Advisory Committee Note also relates that the exemptions were created because "there is likely to be little or no discovery in most such cases." The Court finds that there is a substantial likelihood that, in light of the nature of Plaintiff's claims for medical care and resulting injuries, there will be significant discovery between the parties. The Court also finds that continuing to require the parties to comply with the provisions of Rule 26(a) will benefit the parties to this action by allowing the early identification of factual, legal, discovery, and evidentiary issues. . . .
> 1. **DISCLOSURES REQUIRED**: Notwithstanding the exemptions otherwise applicable, the parties will provide initial and continuing disclosure as required by Rule 26(a) and (e), Federal Rules of Civil Procedure.
> * * *
> 2.1 **Initial Disclosures**: The parties must serve initial disclosures pursuant to Rule 26(a), Federal Rules of Civil Procedure by December 27, 2022.

(Doc. 31 at 1–3). Plaintiff's revived argument that he did not have to comply with discovery after that issue had already been resolved by the Court's Scheduling Order combined with the lack of any other response to Defendants' discovery request constituted a "complete and total failure to respond" to Defendants' discovery request. Thus, Defendants' lack of compliance with Local Rule 37.1(a) falls under the Rule 37.1(b) exception.

In contrast, Plaintiff's Motion to Compel, (Doc. 56), did not identify the specific discovery requests that Plaintiff wished to compel a response, and made no argument as to why Defendants' responses were deficient. Plaintiff's motion clearly did not comply with Rule 37.1(a) and did not meet the exception in 37.1(b) because Defendants did respond,

Plaintiff just felt their response was insufficient. Likewise, Plaintiff's second Motion to Compel, (Doc. 62), contained some description of the discovery Plaintiff wished to compel but did not include Defendants' actual response to Plaintiff's request for production and instead included Defendants' "Rule 26.1 Supplemental Disclosure Statement" identifying certain redacted job descriptions as relevant. (*See* Doc. 56 at 7–13). Like Plaintiff's first motion to compel, this motion did not comply with Local Rule 37.1(a) and does not fall under the 37.1(b) exception because there's no indication that Defendants failed to respond to Plaintiff's discovery request. Thus, the Court finds that the Magistrate Judge's rulings did not deprive "him of his right to fundamental fairness" because there is no indication of an uneven application of the rules.

Plaintiff also argues in his second objection that the Court's lack of a Rule 11 sanction for Defendants filing their Motion to Compel using an unauthorized signature in violation of Local Rule 5.5(g) amounted to bias in favor of Defendants. (Doc. 92 at 5–6). This Court already addressed this issue in a previous Order. (*See* Doc. 89 (finding no clear errors of fact or anything contrary to law in Magistrate Judge's Order denying Rule 11 sanctions)). An attorney's use of another person's ECF log-in credentials has nothing to do with any of the claims or defenses of any of the parties and thus the Magistrate Judge had authority to rule on the Rule 11 sanctions. *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990). Plaintiff pointed to no violations of Rule 11(b) and did not provide Defendants with the required twenty-one days to correct any Rule 11 error. Thus, a denial of Rule 11 sanctions was appropriate, and the Magistrate Judge did not err.

Finally, Plaintiff asserts in his second objection that the Magistrate Judge erred in determining that Defendants "complied with [the] mandatory requirement to confer before filing [their] motion to compel" because they did not give him adequate time to prepare for the meeting. (Doc. 92 at 6). Having reviewed Defendant's Motion to Compel and the accompanying exhibits, the Court agrees with the Magistrate Judge that Plaintiff did not point to what preparation was necessary for the conference since the only issue to be resolved was whether Plaintiff would comply with the Court's Order to provide the

requested discovery. Plaintiff continues to assert that he is not subject to interrogatories because he is exempt under Rule 26, and thus the Court accepts the sworn statement of Defendants' attorney stating that Plaintiff told Defendants at their conference that he would not comply with the Court's Order to produce the requested discovery. (*See* Doc. 83, Exh. 6). Because Plaintiff refused to comply with the Court's order—or asserted that he already had done so—the Court agrees with the Magistrate Judge that further discussions were pointless, and Defendants had conferred in good faith.

### C. Objection 3

Third, and lastly, Plaintiff objects to the R&R "on the ground that he did, in all respects, comply with [the] [C]ourt [O]rder to provide initial disclosure and respond to discovery requests. (Doc. 92 at 7). Plaintiff seems to believe that he was only ordered to produce initial disclosures in the Court's Order, (Doc. 58), granting Defendants' Motion to Compel. However, in that Order, the Magistrate Judge specifically stated "[e]ven if the exemption for initial disclosure was being applied in this case, such exemption would apply only to "initial disclosure" mandated by Rule 26(a)(1). Fed. R. Civ. P. 26(a)(1)(B). That Rule does not provide for exemptions from responding to discovery." (Doc. 58 at 2). This statement makes it clear that Plaintiff was not exempt from responding to interrogatories—a key part of discovery in a case. Plaintiff's compelled responses are objections. (*See* Doc. 83-5). As stated in this Court's previous Order, (Doc. 90), the Magistrate Judge properly ruled that Plaintiff did not timely raise objections to the discovery requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Plaintiff did not raise his objections in his response to the original Motion to Compel and thus they were waived. Plaintiff has yet to respond to Defendants' discovery requests and has not given good cause for his failure.

## IV.  CONCLUSION

In conclusion, the Court finds the Magistrate Judge committed no error. Plaintiff has failed to comply with discovery requests for eight months and has continually ignored the orders of the Magistrate Judge and this Court. Thus, having reviewed the record as it relates to Plaintiff's Objection to the Magistrate Judge's R&R, the Court accepts the R&R in its entirety.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff Gerald Vaughn Gwen's "Objection to the Report and Recommendation" (Doc. 92) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge James F. Metcalf (Doc. 91) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions (Doc. 83) is **GRANTED**.

**IT IS FURTHER ORDERED** dismissing Defendants Leon Caholico and Becky P. without prejudice.

**IT IS FURTHER ORDERED** that, because Defendants Caholico and Becky P. were the last remaining Defendants, the Clerk of the Court shall enter judgment against Plaintiff by dismissing Defendants Leon Caholico, Becky P., Yavapai County Jail Medical Providers (Doc. 16), and Jail Commander Captain Newnun (Doc. 16) consistent with this Order and Doc. 16.

Dated this 23rd day of January, 2024.

James A. Teilborg
Senior United States District Judge